# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PENNSYLVANIA STATE TROOPERS ASSOCIATION and BRUCE A. EDWARDS,** : <br>                **Plaintiffs** <br>       v. <br> **COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA STATE POLICE and COLONEL JEFFERY B. MILLER,** <br>                **Defendants** | **CIVIL ACTION NO. 1:06-CV-1079** <br><br> **(Judge Conner)** |

## ORDER

AND NOW, this 1st day of May, 2007, upon consideration of the motion for reconsideration (Doc. 27) by defendant Pennsylvania State Police ("State Police"),[1] see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law . . . ."), and it appearing that the State Police, as an arm of the Commonwealth of Pennsylvania, is immune under the Eleventh Amendment from an action seeking prospective injunctive relief, see Alabama v. Pugh, 438 U.S. 781 (1978); Boone v. Pa. Office of Vocational Rehab., 373 F. Supp. 2d 484, 491 (M.D. Pa. 2005) ("[T]he Eleventh Amendment 'prohibits federal courts from entertaining suits by private parties against States and their agencies.' This bar applies regardless of whether the plaintiff seeks monetary damages or injunctive relief against a state." (quoting

---

[1] The State Police seeks reconsideration of the order of court dated March 20, 2007 (Doc. 25), which denied its motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).

Pugh, 438 U.S. at 791)); see also Hindes v. FDIC, 137 F.3d 148, 165 (3d Cir. 1998) ("The principle which emerges from [Ex parte Young, 209 U.S. 123 (1908),] and its progeny is that a state *official* sued in his official capacity for prospective injunctive relief is a person within section 1983, and the Eleventh Amendment does not bar such a suit." (emphasis added)), and that plaintiffs agree that the State Police is immune under the Eleventh Amendment (see Doc. 31 at 4), it is hereby ORDERED that:

1. The motion for reconsideration (Doc. 27) is GRANTED.

2. Paragraph 1 of the order of court dated March 20, 2007 (Doc. 25) is AMENDED to read as follows:

   > The motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) by Defendant Pennsylvania State Police (Doc. 10) is GRANTED. All claims against defendant Pennsylvania State Police are DISMISSED.

3. The above-captioned action will proceed on plaintiffs' claim under Title I of the Americans with Disabilities Act against defendant Colonel Jeffery B. Miller.

                                                    S/ Christopher C. Conner
                                                    CHRISTOPHER C. CONNER
                                                    United States District Judge